IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID L. MAY,<br><br>            Plaintiff,<br><br>vs.<br><br>IOWA DEPARTMENT OF MOTOR VEHICLES,<br><br>            Defendant. | Case No. CV-09-487-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      This case has been reassigned to this Court to determine whether Plaintiff, David L. May, may proceed with this action. In the Order of Reassignment (Docket No. 7), Magistrate Judge Bush found May's Application to Proceed Without Payment of Fees and Affidavit (Docket No. 1) to be insufficient to demonstrate eligibility to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1), and found that May's Complaint (Docket No. 2), which has been conditionally filed by the Clerk of the Court, has jurisdictional deficiencies.

      This Court has reviewed May's Application and Complaint to determine whether he can proceed with this action. *See* 28 U.S.C. § 1915(a)(1), (e). Being otherwise fully informed, the Court enters the following Order dismissing this action with prejudice.

A.    **In Forma Pauperis Application**

      The Court may authorize commencement of a civil action without prepayment of fees or security by a person who submits an affidavit that includes a statement (1) of all assets such person possesses, and (2) that the person is unable to pay such fees or give security. 28 U.S.C.

**Memorandum Decision and Order - Page 1**

§ 1915(a)(1).  Such affidavit also must state the nature of the action and the affiant's belief that he is entitled to redress.  *See id.*

The Application submitted by May in support of his request to proceed in forma pauperis is insufficient to demonstrate that he is unable to pay the requisite fees or give security as required under 28 U.S.C. § 1915(a)(1).  The Application indicates that May is employed and making approximately $400 per month, that he receives no money from other sources, and that he has no checking/savings account, real estate, stocks, bonds, securities, other financial instruments, automobiles, or any other thing of value.  The Application does not, however, account for May's income cross-referenced against his monthly expenses; nor does the Application otherwise indicate the amount of money, if any, May uses to support himself or anyone else.  The Application is thus insufficient to demonstrate that May is unable to pay the requisite fees or to give security under 28 U.S.C. § 1915(a)(1).  May's request to proceed in forma pauperis is accordingly denied.

**B.     Initial Review**

Notwithstanding the payment of any filing fee, or any portion thereof, the Court must dismiss an action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In the Complaint, May alleges that the Iowa Department of Motor Vehicles, included false information on May's Iowa driving record, and that this false information has prevented May from obtaining a driver's license in the states of Maryland and Idaho.  *See* Compl. at pp. 1-4 (Docket No. 2).  May claims that Iowa Department of Motor Vehicles' conduct violated state

**Memorandum Decision and Order  - Page 2**

and federal law, and that "as a result of" those violations, May has suffered, and is entitled to recover, "actual damages, including mental distress, and is entitled to an award of punitive and statutory damages, legal fees, and costs." *Id.* at pp. 4-5.

As Judge Bush recognized, this Court lacks subject matter jurisdiction over this action. This Court, as a court of limited subject matter jurisdiction, has jurisdiction only over cases in diversity, 28 U.S.C. § 1332, or cases that raise a federal question, 28 U.S.C. § 1331.  May alleges that this Court has jurisdiction under 28 U.S.C. § 1251; and diversity jurisdiction under the U.S. Const., Art. III, sec. 2, and 28 U.S.C. § 1332.  However, none of these provisions provide this Court with jurisdiction over this action.

Section 1251 does not provide this Court with jurisdiction over this action because § 1251 addresses only the original jurisdiction of the United States Supreme Court. *See* 28 U.S.C. § 1251.  It does not address or provide for the jurisdiction of a United States District Court.

Article III, sec. 2, of the U.S. Constitution also does not provide this Court with jurisdiction over this action.  Although this provision recognizes that the judicial power of the United States extends to controversies between a state and citizens of another state, the Eleventh Amendment to the U.S. Constitution precludes suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." *See Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004).  The Eleventh Amendment immunizes agencies of a state "from private damages actions or suits for injunctive relief brought in federal court." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  Although a state may waive its sovereign immunity by consenting to suit, *see College Sav. Bank v. Florida Prepaid*

**Memorandum Decision and Order  - Page 3**

*Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999), there is no indication that the State of Iowa, through the Iowa Department of Motor Vehicles, has consented to being sued in federal court, let alone being sued in a state other than Iowa.

Finally, 28 U.S.C. § 1332 does not provide this Court with jurisdiction over this action. Section 1332 provides federal district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  The Complaint does not indicate that the amount in controversy requirement for diversity jurisdiction is or can be met based upon the allegations contained in the Complaint.  Further, as discussed above, there is no indication that the State of Iowa has waived its Eleventh Amendment sovereign immunity by consenting to being sued in federal court.[1]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that May's Application to Proceed Without Payment of Fees (Docket No. 1) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

---

[1] Magistrate Judge Bush also found that, based on the allegations in the Complaint, this Court lacks personal jurisdiction over Iowa.  Because a party can waive personal jurisdiction, this Court declines to sua sponte address the issue of personal jurisdiction.  *See Smith v. Idaho*, 392 F.3d 350, 355 n.3 (9th Cir. 2004); *cf.* 28 U.S.C. § 1631 (requiring a district court to consider, upon finding that jurisdiction is lacking, whether interests of justice would be served by transfer of the action to court in which there is jurisdiction); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (reversing dismissal of action and remanding with instructions to the district court to transfer the case in the interests of justice under § 1631).


*Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999), there is no indication that the State of Iowa, through the Iowa Department of Motor Vehicles, has consented to being sued in federal court, let alone being sued in a state other than Iowa.

Finally, 28 U.S.C. § 1332 does not provide this Court with jurisdiction over this action. Section 1332 provides federal district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  The Complaint does not indicate that the amount in controversy requirement for diversity jurisdiction is or can be met based upon the allegations contained in the Complaint.  Further, as discussed above, there is no indication that the State of Iowa has waived its Eleventh Amendment sovereign immunity by consenting to being sued in federal court.[1]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that May's Application to Proceed Without Payment of Fees (Docket No. 1) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

---

[1] Magistrate Judge Bush also found that, based on the allegations in the Complaint, this Court lacks personal jurisdiction over Iowa.  Because a party can waive personal jurisdiction, this Court declines to sua sponte address the issue of personal jurisdiction.  *See Smith v. Idaho*, 392 F.3d 350, 355 n.3 (9th Cir. 2004); *cf.* 28 U.S.C. § 1631 (requiring a district court to consider, upon finding that jurisdiction is lacking, whether interests of justice would be served by transfer of the action to court in which there is jurisdiction); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (reversing dismissal of action and remanding with instructions to the district court to transfer the case in the interests of justice under § 1631).



DATED:  **April 8, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order  - Page 5**